**FILED**
**Feb 11, 2020**
**02:59 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | | |
|---|---|---|
| **David Miranda,** | ) | **Docket No. 2019-01-0603** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 75425-2018** |
| **Don Ledford Automotive,** | ) | |
| **Self-Insured Employer.** | ) | **Judge Audrey A. Headrick** |

---

### EXPEDITED HEARING ORDER
### *(DECISION ON THE RECORD)*

---

This case came before the Court on Mr. Miranda's Request for an Expedited Hearing on the record. The issue involves referrals and panel designations.

Mr. Miranda argued Don Ledford provided an invalid panel of orthopedists because his authorized physician referred him for a neurosurgeon examination. Don Ledford argued that because Mr. Miranda selected an orthopedist from the panel and received treatment, he cannot now change that selection. As a remedy, Mr. Miranda requested that the Court designate his second-opinion physician and his independent medical evaluation physician as authorized treating physicians. For the reasons below, the Court denies Mr. Miranda's request.

### History of Claim

Mr. Miranda tripped and fell at work on September 14, 2018, landing on his knees. He received authorized treatment for his knees initially at a walk-in clinic and later from Dr. Todd Grebner, an orthopedist.[1] When he complained of back pain for the first time on October 9, Dr. Grebner referred Mr. Miranda to a neurosurgeon but did not specify a particular neurosurgeon.

Despite the neurosurgeon referral, Don Ledford provided Mr. Miranda with a

---

[1] It is unknown whether Mr. Miranda selected Dr. Grebner from a panel.

panel of orthopedists, and he selected Dr. Rickey Hutcheson from the panel. Dr. Hutcheson diagnosed a work-related back sprain, provided conservative treatment, and ordered a Functional Capacity Evaluation, which showed reliable effort.[2] Due to his progressive symptoms, Dr. Hutcheson referred Mr. Miranda to Dr. Joseph Miller, a neurosurgeon, for a second opinion.

Mr. Miranda saw Dr. Miller in March 2019. Dr. Miller referred him to an orthopedist for a hip evaluation. He also ordered a bilateral lower-extremity EMG nerve conduction study and a series of epidural steroid injections. Later, Dr. Miller provided an opinion that the fall primarily caused Mr. Miranda's injury, aggravating a pre-existing degenerative back condition.

After seeing Dr. Miller, Mr. Miranda returned to Dr. Hutcheson. After reviewing Dr. Miller's recommendations, he x-rayed Mr. Miranda's hips and found no arthritis or necrosis. Dr. Hutcheson ordered the recommended NCS of the lower extremities, epidural injections, and physical therapy, and he prescribed Cymbalta. Don Ledford denied the epidural injections and physical therapy.

In June 2019, Dr. Hutcheson determined "[t]he radicular component and the degeneration is a preexisting [back] condition, so greater than 51% causation of his radicular symptoms is associated with his preexisting degenerative condition." Dr. Hutcheson assigned an impairment rating for Mr. Miranda's work-related back sprain and instructed him to follow-up as needed.

Afterward, Mr. Miranda underwent an independent medical evaluation with Dr. Stephen Dreskin, a pain-management physician. Dr. Dreskin concluded that Mr. Miranda's fall primarily caused a disc herniation and radiculopathy causing chronic pain in his low back and right thigh.[3] Further, Dr. Dreskin recommended lumbar spine surgery and assigned an impairment rating.

**Findings of Fact and Conclusions of Law**
*Standard Applied*

Mr. Miranda must present sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2019). The Court holds he did not satisfy this burden.

---

[2] Before and after Mr. Miranda's FCE, Dr. Hutcheson made references to symptom magnification.

[3] Dr. Dreskin referenced an exaggerated response during examination but noted he believed that Mr. Miranda's pain was genuine.

2

## Analysis
### *Medical Benefits*

The Workers' Compensation Law requires an employer to provide an injured employee with medical and surgical treatment ordered by the treating physician and made reasonably necessary by the accident. Tenn. Code Ann. § 50-6-204(a)(3)(A)(i). To that end, the employer must provide a list of three or more independent reputable physicians, surgeons, chiropractors or specialty practice groups from which the injured employee shall select one to be the treating physician. *Id.* When the panel-selected physician makes a referral to a specialist, the employer shall be deemed to have accepted the referral unless the employer provides a panel of three or more independent reputable physicians within three business days. Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii). In cases where the employer provides a panel, the employee may choose a specialist to provide treatment only from the panel provided by the employer. *Id.*; *see also Rhodes v. Amazon.com, LLC,* 2019 TN Wrk. Comp. App. Bd. LEXIS 24, at *12-15 (June 11, 2019).

Here, the Court has no evidence that Dr. Grebner was selected from a panel, but he was an authorized physician. Dr. Grebner made a referral to a neurosurgeon but designated no particular physician. In response, Don Ledford provided a panel of orthopedic specialists.

The parties submitted no evidence that Dr. Grebner, the referring physician, was panel-selected. Under Tennessee Code Annotated section 50-6-204(a)(3)(A)(ii), Don Ledford was not required to provide Mr. Miranda with a panel of neurosurgeons unless Dr. Grebner was panel-selected. Therefore, the Court denies Mr. Miranda's request to designate his second opinion physician and his independent medical evaluation physician as authorized treating physicians.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Miranda's request.

2. This case is set for a Status Hearing on **Tuesday, April 21, 2020, at 1:00 p.m. Eastern Time**. The parties must call (423) 634-0164 or toll-free at (855) 383-0001 to participate. Failure to call may result in a determination of the issues without the party's participation.

**ENTERED February 11, 2020.**

_____
**AUDREY A. HEADRICK**
**Workers' Compensation Judge**

# APPENDIX

Exhibits:
1. Affidavit of Dr. Miller
   a. Physician's Statement-Dr. Miller
2. Dr. Miller's office visit, March 19, 2019
3. Affidavit of Dr. Dreskin
   a. Physician's Statement-Dr. Miller
   b. Independent Medical Evaluation
4. Recorded Interview of Mr. Miranda, Page 4 of 9, taken September 27, 2018
5. Medical records of Physicians Care
6. Panel (Dr. Hutcheson)
7. Medical records of Dr. Grebner
8. Declaration of Dr. Hutcheson
9. Medical records of Dr. Hutcheson

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Objection to the Request for an Expedited Hearing on the Record
5. Plaintiff's Additional Response to the Objection Filed on Behalf of the Defendant to a Decision by the Court on the Record for Expedited Hearing
6. Docketing Notice
7. Employer's Response to Plaintiff's Reply to the Employer's Objection to the Request for an Expedited Hearing on the Record

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on February 11, 2020.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| Michael A. Wagner, Employee's Attorney | | X | maw@wagnerinjury.com |
| Debra L. Fulton, Employer's Attorney | | X | dfulton@fmsllp.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

6



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

_____

## Parties

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

Appellee(s) (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*Attach an additional sheet for each additional Appellee *

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
[Signature of appellant or attorney for appellant]



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____      2. Address: _____

3. Telephone Number: _____      4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____      Relationship: _____

_____      Relationship: _____

_____      Relationship: _____

_____      Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | |
|---|---|---|
| AFDC | $_____ per month | beginning _____ |
| SSI | $_____ per month | beginning _____ |
| Retirement | $_____ per month | beginning _____ |
| Disability | $_____ per month | beginning _____ |
| Unemployment | $_____ per month | beginning _____ |
| Worker's Comp. | $_____ per month | beginning _____ |
| Other | $_____ per month | beginning _____ |

LB-1108 (REV 11/15)                                          RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone       $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing        $ _____ per month

Gas              $ _____ per month    Child Care      $ _____ per month

Transportation   $ _____ per month    Child Support   $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____        (FMV) _____

Other                   $ _____        Describe: _____

11. My debts are:

Amount Owed                To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                                    RDA 11082